## V. J. YOUNG v. STATE.

No. A-4459.    Opinion Filed May 29, 1925.
(236 Pac. 67.)

(Syllabus.)

Appeal and Error—On Conflicting Evidence, Finding of Jury not Disturbed on Appeal. Where there is competent evidence supporting the theory of the state, and there is other evidence conflicting with the state's contention, the issues so raised are solely for the jury, under proper instructions of the court, and the findings of the jury on such issues will not be disturbed by this court.

Appeal from District Court, Stephens County; Cham Jones, Judge.

V. J. Young was convicted of selling mortgaged property, and he appeals. Affirmed.

Wilkinson & Saye, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J.    V. J. Young, plaintiff in error, defendant in the trial court, was convicted of disposing of mortgaged property, to wit, ten bales of cotton. [His punishment was assessed by the jury at confinement in the penitentiary for a year and a day.

The testimony on the part of the state shows that the defendant gave the cotton compress tickets for these ten bales of cotton to Mary Renas, the mortgagee; that some time later he came to her and requested that she deliver the tickets to him to enable him to move the cotton to a warehouse to be there held for a better market; that she complied with his request, but that, contrary to agreement, the defendant sold the cotton for $515, and appropriated the proceeds of the sale to his own use, and that for weeks thereafter he could not be located.

The defendant, corroborated by a number of witnesses, mostly relatives, testified that the tickets were surrendered to him by the mortgagee for the purpose of enabling him to sell the cotton; that the mortgagee authorized him to make the sale and and take the proceeds and buy land, in which they were to have a joint interest; that pursuant to this agreement, he sold the cotton and spent most of the proceeds in a futile effort to get title to the land.

Both parties agree that the issue was one of fact, as stated by the defendant in his brief and approved by the Attorney General in his brief, thus:

"The theory of the state was that the defendant procured the possession of these cotton tickets upon the fraudulent representation that he would place the bales of cotton in a warehouse. The theory of the defendant was that he procured these tickets with the consent of the mortgagee

to sell the cotton and apply the proceeds to the purchase of certain lands."

As this court has so often held, where there is competent evidence supporting the theory of the state, and there is other testimony counflicting with the state's contention, the issues so raised are solely for the jury, and the findings of the jury on such issues will not be disturbed by this court.

It would serve no good purpose to analyze the testimony; it is sufficient to say that the testimony for the state and that for the defendant, touching the understanding between the defendant and the mortgagee as to the purpose of the surrender of the compress tickets, is irreconcilably conflicting. This issue was fairly submitted to the jury in instruction No. 6, as follows:

"You are further instructed, gentlemen, that aside from the defendant's plea of not guilty, he interposes as a defense to said information and charge contained therein that the mortgagee, Mary Renas, authorized him to sell the cotton in question, and to use the proceeds of the same to purchase certain lands for the benefit of this defendant and the mortgagee, Mary Renas, or to expend the same in an effort to procure title to said land, and that he did so expend said money in an effort to locate the allottee or owner of said land, and for the purpose of procuring the title to same, as directed and instructed by the mortgagee, Mary Renas; and in this connection you are instructed that should you believe, or should you entertain a reasonable doubt as to whether or not he was so authorized to sell the cotton and expend the money, or proceeds therefrom, in the manner as contended by the defendant, you should acquit the defendant."

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.